FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2020 NOV -6 P 12: 52

CLERK J. Hodge
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| DAVID JAMAL WALKER, | * | |
| Petitioner, | * | |
| v. | * | CV 320-013 |
| | * | (Formerly CR 317-005) |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

# O R D E R

Before the Court is Petitioner David Jamal Walker's motion for reconsideration. (Doc. No. 12.) Petitioner begins by requesting reconsideration of the Court's September 14, 2020 Order (doc. no. 10) adopting the United States Magistrate Judge's Report and Recommendation (doc. no. 8) that the petition be dismissed. However, Petitioner seeks a different form of relief.

Petitioner pleaded guilty to one count of violation of 18 U.S.C. § 922(g)(1) on November 9, 2017. Section 922(g)(1) prohibits any person convicted of a felony from possessing a firearm. He was sentenced on January 9, 2018.

In 2019, the United States Supreme Court decided Rehaif v. United States, 139 S. Ct. 2191 (2019), in which it held that in Section 922(g) cases "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Id. at 2200. Before this decision, the Government did not have to prove a

defendant's knowledge of his or her prohibited person status. The Eleventh Circuit later recognized that Rehaif was not made to apply retroactively. See In Re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019).

The present motion highlights a case from the Fourth Circuit with a pending petition for certiorari. See United States v. Gary, 954 F.3d 194 (4th Cir. 2020). The Court of Appeals in Gary vacated a conviction for a Section 922(g)(1) violation premised on a guilty plea. See id. at 208. It did so because the district court failed to inform the defendant that the Government was required to prove his intent with respect to both his possession of a firearm and his status as a prohibited person. See id. at 201-02.

With the petition for certiorari pending before the Supreme Court in Gary, Petitioner filed the instant motion. It essentially alerts the Court to the Gary case and requests that any potential Section 2255 claim based on Gary following the Supreme Court's treatment of the case be preserved in this Court. To that end, Petitioner's motion is premature. Otherwise, Petitioner's motion does not set forth any grounds for reconsideration relief under Rules 59 or 60. Therefore, Petitioner's motion (doc. no. 12) is **DENIED WITHOUT PREJUDICE**.

**ORDER ENTERED** at Augusta, Georgia, this 6th day of November, 2020.

UNITED STATES DISTRICT JUDGE

2